{¶ 1} This is an appeal of a summary judgment ruling of the Court of Common Pleas of Cuyahoga County which has been transferred from the Eighth District Court of Appeals to assigned Judges of the Fifty District Court of Appeals.
 STATEMENT OF FACTS {¶ 2} Appellee was attorney-in-fact for Dimitra Sakellaris, her mother, who died in 1994.
 {¶ 3} She was named as Executrix in her mother's Last Will and Testament.
 {¶ 4} Appellants are sons of Mrs. Sakellaris by a prior marriage.
 {¶ 5} Appellants filed this action in the Common Pleas Court requesting that appellee be required to open an estate for her mother, an accounting of assets received or expended during the power of attorney and other relief.
 {¶ 6} Appellees, after certain discovery was conducted, filed a Civ.R. 56 motion which the court sustained.
 {¶ 7} The sole assignment of error is:
 ASSIGNMENT OF ERROR
"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE CLEARLY DISPUTED ISSUES OF MATERIAL FACTS."
 I. {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 11} It is based upon the standard we review appellant's assignment of error.
 {¶ 12} In order to review de novo the ruling on the Civ.R. 56 Motion, we must first examine the Complaint and the requested relief.
 {¶ 13} The first aspect of the prayer is that the court order the opening of an estate in the probate division. This is predicated on the allegation that Appellants are named in the unfiled Will of Dimitra Sakellaris.
 {¶ 14} The Legislature has seen fit to relegate the administration of estates to the probate court, not to the general division of the common pleas court.
 {¶ 15} Ample statutory authority applicable to the authority of the probate court has been provided if a will, without just cause, is withheld from filing.
 {¶ 16} Revised Code § 2107.09(A) provides:
 {¶ 17} "(A) If real or personal estate is devised or bequeathed by a last will, the executor, or any interested person, may cause such will to be brought before the probate court of the county in which the decedent was domiciled. By citation, attachment, or warrant, or, if circumstances require it, by warrant or attachment in the first instance, such court may compel the person having the custody or control of such will to produce it before the court for the purpose of being proved.
 {¶ 18} "If the person having the custody or control of the will intentionally conceals or withholds it or neglects or refuses to produce it for probate without reasonable cause, he may be committed to the county jail and kept in close custody until he produces the will. This person also shall be liable to any party aggrieved for the damages sustained by such neglect or refusal.
 {¶ 19} "Any citation, attachment, or warrant issued pursuant to this section may be issued into ay county in the state and shall be served and returned by the officer to whom it is delivered.
 {¶ 20} "The officer to whom such process is delivered shall be liable for neglect in its service or return in like manner as sheriffs are liable for neglect in not serving or returning a capias issued upon an indictment."
 {¶ 21} Also, Revised Code § 2107.10(A) provides a penalty for intentionally withholding a will, without just cause:
 {¶ 22} "(A) No property or right, testate or intestate, shall pass to a beneficiary named in a will who knows of the existence of the will for three years and has the power to control it, and, without reasonable cause, intentionally conceals or withholds it or neglects or refused within the three years to cause it to be offered for or admitted to probate. The estate devised to such devisee shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will."
 {¶ 23} In addition, if assets of a deceased are claimed to be subject to dissipation, without an estate being commenced, Revised Code § 2113.15 provides for a special administrative process.
 {¶ 24} "When there is delay in granting letters testamentary or of administration, the probate court may appoint a special administrator to collect and preserve the effects of the deceased.
 {¶ 25} "Such special administrator must collect the chattels and debts of the deceased and preserve them for the executor or administrator who thereafter is appointed. For that purpose such special administrator may begin and maintain suits as administrator and also sell such goods as the court orders sold. He shall be allowed such compensation for his services as the court thinks reasonable, if he forthwith delivers the property and effects of the estate to the executor or administrator who supersedes him.
 {¶ 26} Based on Appellee's deposition, there is doubt as to whether assets subject to probate under the will existed although we are not required to make such determination.
 {¶ 27} Therefore, as to the order to commence the estate, we find that the court of common pleas, general division, lacks jurisdiction to grant such relief.
 {¶ 28} Next, as to the desired accounting for action taken as attorney-in-fact, the deposition of Appellee does not reveal any action taken by Appellee under such authority with respect to her mother's affairs.
 {¶ 29} While she paid nursing home bills, her testimony is to the effect that her name was on the account utilized.
 {¶ 30} Also, there were no questions developed on cross-examination of Appellee as to use of the power of attorney to sell the decedent's home or otherwise expend her assets under the power of attorney, which she states never came into her possession.
 {¶ 31} We note that no motion was made to stay the ruling on the Civ.R. 56 Motion pending further discovery.
 {¶ 32} The response to such motion merely makes unsupported assertions.
 {¶ 33} The Appellant's Brief also contains unsupported conclusions of fact such as the quotation on pages 3-4: "I have stolen our Mother's money but, since I provided you with all the records of that theft, I do not have to account for the money", which does not appear in her deposition.
 {¶ 34} We have some doubt as to the Appellee's statement that an accounting would not be applicable under probate court statutory authority in this case. If the decedent's assets were wrongfully taken, such court could require return thereof but, we are not required to make such determination.
 {¶ 35} Also, Appellee's conclusion that no contract existed giving rise to accounting relief lacks merit as the power of attorney was a contractual arrangement authorizing Appellee to control assets of her mother for her mother's benefit.
 {¶ 36} Ultimately, whether the theory of equitable accounting would apply is so undeveloped with regard to the burden on Appellant to respond to the summary judgment motion by more than mere assertions, it leaves this Court solely with the question as to whether the trial court abused its discretion in basing its ruling on the matters before it which are specified in such civil rule.
 {¶ 37} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionable.
 {¶ 38} We find no abuse of discretion.
 {¶ 39} The Assignment of Error is denied.
 {¶ 40} This cause if affirmed at Appellant's costs.
John W. Wise, P.J. concurs William B. Hoffman, concurs injudgment only.